UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE NEW YORK TIMES COMPANY and KENNETH P. VOGEL,<br><br>        Plaintiffs,<br><br>   v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>        Defendant. | Civil Action No. 1:18-cv-02095<br><br><br><br><br><br><br><br>**FIRST AMENDED COMPLAINT** |

## INTRODUCTION

Plaintiffs The New York Times Company and Kenneth P. Vogel, by their undersigned attorneys, allege:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, for declaratory, injunctive, and other appropriate relief brought by Plaintiffs.

2. By this action, Plaintiffs seek to compel defendant, the U.S. Department of Justice ("DOJ"), to release records responsive to FOIA requests properly made by Plaintiffs.

3. The FOIA requests at issue in this action seek records relating to whether the DOJ's FARA Registration Unit has been effective in ensuring that certain individuals and entities have complied with the Foreign Agents Registration Act.

## PARTIES

4. Plaintiff The New York Times Company publishes *The New York Times* newspaper and www.nytimes.com, and is headquartered in this judicial district at 620 Eighth Avenue, New York, New York, 10018.

1

5. Plaintiff Kenneth P. Vogel is a reporter for *The New York Times* and an employee of The New York Times Company.

6. Defendant DOJ is a federal government agency within the meaning of 5 U.S.C. § 552(f)(1) and 5 U.S.C. § 551 that has possession and control of the records that Plaintiffs seek.

## JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction over this action and personal jurisdiction over the defendants pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

8. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) because The New York Times Company has its principal place of business there.

9. Defendant DOJ has failed to meet the statutory deadline set by FOIA to respond to Plaintiffs' appeals. *See* 5 U.S.C. § 552(a)(6)(A)-(B). Plaintiffs have therefore exhausted all administrative remedies, pursuant to 5 U.S.C. § 552(a)(6)(C).

## FACTS

10. The Foreign Agents Registration Act ("FARA") requires persons acting as agents of foreign principals in a political or quasi-political capacity to disclose their relationship with the foreign principal, as well as activities, receipts and disbursements in support of those activities. *See* 22 U.S.C. § 611 *et seq*.

11. The Supreme Court has stated that FARA's "basic purpose" is "to protect the national defense, internal security, and foreign relations of the United States by requiring public disclosure" by lobbyists working on behalf of foreign governments "so that the Government and the people of the United States may be informed of the identity of such persons and may appraise their statements and actions in the light of their associations and activities." *Meese v. Keene*, 481 U.S. 465, 469 (1987).

12. FARA is enforced by the U.S. Department of Justice's FARA Registration Unit. *See* 28 C.F.R. § 5 (1967); *FARA: Foreign Agents Registration Act*, U.S. Dep't. Just., http://www.fara.gov.

**FOIA Requests to the Department of Justice and the Denial of Expedited Processing**

13. On August 8, 2017, Plaintiffs submitted four FOIA requests to the DOJ. Three of the requests (EMRUFOIA080817-13, EMRUFOIA080817-12, and EMRUFOIA080817-11) were addressed to the DOJ's general FOIA & Privacy Act Officer. The fourth request (17-OIG-294) was addressed to the FOIA & Privacy Act Officer at the DOJ's Office of Inspector General (DOJ OIG).

14. All four requests sought copies of correspondence related to the following companies and individuals for the periods indicated:

   a) The European Centre for a Modern Ukraine and its employees, representatives or officials, including Ina Kirsch and employees, officials or representatives of DMP International, Podesta Group, Mercury Public Affairs/dba Mercury/ Clark & Weinstock and Skadden Arps Slate Meagher & Flom, related to the European Centre for a Modern Ukraine's activities in the U.S. The requests sought copies of correspondence related to these companies and individuals sent or received between February 2015 and the present.

   b) The Ukrainian Party of Regions, and its employees, officials or representatives, including employees, representatives or officials of DMP International and Skadden Arps Slate Meagher & Flom. The requests sought copies of correspondence related to these companies and individuals sent or received between February 2015 and the present.

   c) Inovo BV, and its employees, officials or representatives, including Ekim Alptekin, and employees, officials or representatives of Flynn Intel Group. The requests sought copies of correspondence related to these companies and individuals sent or received between June 2016 and the present.

   d) The Human Rights Accountability Global Initiative Foundation and/or Prevezon Holdings, and their employees, officials or

representatives, including Rinat Akhmetshin, Robert Arakelian, Chris Cooper, Mark Cymrot, Ron Dellums, Howard Schweitzer, Glenn Simpson and employees, officials or representatives of Baker Hostetler, Cozen O'Connor Public Strategies, Fusion GPS and Potomac Square Group. The requests sought copies of correspondence related to these companies and individuals sent or received between June 2015 and the present.

15. The four requests sought copies of correspondence related to this set of companies and individuals, between different parties.

   (a) The first request (EMRUFOIA0808117-13) sought copies of correspondence between (1) employees and officials of the DOJ's FARA Unit and (2) employees or officials of the United States Congress relating to the four categories of companies and individuals listed above for the specified time periods.

   (b) The second request (EMRUFOIA080817-12) sought copies of internal correspondence between employees and officials of the FARA Unit relating to the four categories of companies and individuals listed above for the specified time period.

   (c) The third request (EMRUFOIA080817-11) sought copies of correspondence between employees and officials of the FARA Unit and representatives of the above-listed companies and individuals themselves for the specified time period.

   (d) The fourth request (17-OIG-294) sought copies of correspondence : (1) between employees and officials within the DOJ OIG; (2) between (a) employees and officials of the DOJ OIG and employees and officials of the FARA Unit; and (3) between (a) employees and officials of the DOJ OIG and (b) employees and officials of the U.S. Congress, relating to the four categories of companies and individuals listed above for the specified time period.

True and correct copies of Plaintiffs' requests to DOJ are annexed hereto as Exhibits A—D.

16. Plaintiffs' four requests all sought fee waivers under 5 U.S.C. § 552(a)(4)(A)(ii)(II) because Mr. Vogel is "a representative of the news media" within the meaning of the statute.

17. By three letters dated August 10, 2017, DOJ acknowledged receipt of Plaintiffs' first three requests. These three letters indicated that the requests would be referred to the National Security Division of DOJ. By one letter dated September 8, 2017, DOJ OIG acknowledged receipt of Plaintiffs' fourth request.

18. On August 30, 2017, DOJ denied Plaintiffs' requests for expedited processing for the following requests: EMRUFOIA080817-13 (renumbered 17-275) and EMRUFOIA080817-11 (renumbered 17-276). True and correct copies of these DOJ denials are annexed hereto as Exhibits E—F.

19. More than twenty business days have passed since Plaintiffs submitted their FOIA requests to DOJ. No responsive documents have been produced to Plaintiffs, in full or in part.

**Plaintiffs' Administrative Appeal**

20. On September 6, 2017, Plaintiffs appealed DOJ's denial of Plaintiffs' requests for expedited processing (requests 17-275 and 17-276).

21. On October 18, 2017, DOJ granted Plaintiffs' appeals of the agency's denial of expedited processing (requests 17-275 and 17-276, Appeal Nos. DOJ-AP-2017-006588 and DOJ-AP-2017-006589), recognizing that the requests warranted expedited processing. A true and correct copy of DOJ's letter is annexed hereto as Exhibit G.

22. DOJ has not responded to Plaintiffs' other appeals. And even after DOJ granted expedited review of two of Plaintiffs' requests, DOJ has still not produced any responsive documents.

23. DOJ's failure to respond to Plaintiffs' appeals constitutes a constructive denial, and Plaintiffs have thus exhausted their administrative remedies.  5 U.S.C. § 552(A)(6)(C).

**DOJ OIG's Untimely Response to Plaintiffs' Requests**

24. On March 13, 2018, five days after the filing of Plaintiffs' original complaint, Plaintiffs received an untimely response from DOJ OIG. A true and correct copy of DOJ OIG's letter is annexed hereto as Exhibit H.

25. DOJ OIG's letter indicated that the agency had conducted a search for responsive records but had found none.

26. On information and belief, during the covered period the Senate Committee on the Judiciary and Subcommittee on Crime and Terrorism communicated with the DOJ OIG on matters related to FARA.[1]

27. The failure to locate any such communications indicates that DOJ OIG failed to conduct a reasonable search for the requested records.

## FIRST CLAIM
### Violation of FOIA for failure to make records available

28. Plaintiffs repeat, reallege, and incorporate the allegations in the foregoing paragraphs as though fully set forth herein.

---

[1] Letter from Letter from Senator Charles E. Grassley, Chairman. U.S. Sen. Comm. on the Judiciary, and Senator Lindsey O. Graham, Chairman, Subcomm. on Crime and Terrorism of the U.S. Sen. Comm. on the Judiciary, to Michael Horowitz, Inspector Gen., U.S. Dep't of Justice (Feb. 28, 2018), *available at* https://www.judiciary.senate.gov/imo/media/doc/2018-02-28%20CEG%20LG%20to%20DOJ%20OIG%20(referral).pdf.

29. Defendant DOJ is subject to FOIA and must therefore release in response to a FOIA request any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any materials as to which it is claiming an exception.

30. Defendant's failure to make available the records sought by Plaintiffs' requests violates FOIA, 5 U.S.C. § 552(a)(3)(A), and defendant's implementing regulations.

31. Defendant's failure to make a reasonable effort to search for records responsive to Plaintiffs' requests violates FOIA, 5 U.S.C. § 552(a)(3)(C), and defendant's implementing regulations.

32. Defendant's withholding of specific responsive records, or portions thereof, violates FOIA, 5 U.S.C. § 552(a)(3)(A), (6)(A), and defendant's implementing regulations.

33. The DOJ has no lawful basis for declining to release the records requested by Plaintiffs under FOIA.

34. Accordingly, Plaintiffs are entitled to an order compelling the DOJ to produce records responsive to their FOIA requests.

## SECOND CLAIM
### Violation of FOIA for failure to conduct an adequate search

35. Plaintiffs repeat, reallege, and incorporate the allegations in the foregoing paragraphs as though fully set forth herein.

36. DOJ OIG's failure to make a reasonable effort to locate records responsive to plaintiffs' request violates FOIA, 5 U.S.C. § 552(a)(3)(C), and defendant's implementing regulations.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiffs respectfully request this Court to:

1. Declare that the records sought in Plaintiffs' FOIA requests, as described in the

7

foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

2. Order Defendant to conduct a thorough search for all records responsive to Plaintiffs' FOIA requests;

3. Order defendant to provide the requested documents to Plaintiffs within 20 days business days of the Court's order;

4. Award Plaintiffs the costs of this proceeding, including reasonable attorneys' fees; and

5. Grant such other and further relief as the Court deems just and proper.

April 3, 2018

    Respectfully submitted,

    MEDIA FREEDOM AND INFORMATION
    ACCESS CLINIC

    By: _____/s/ David A. Schulz_____
    David A. Schulz


    Charles Sims, Supervising Attorney
    Ned Levin, Law Student Intern
    Charles Seidell, Law Student Intern
    MEDIA FREEDOM AND INFORMATION ACCESS CLINIC
    Yale Law School
    P.O. Box 208215
    New Haven, CT 06520-8215
    Tel: (203) 436-5824
    Fax: (203) 432-3034
    schulzd@ballardspahr.com
    *Counsel for Plaintiffs*